UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| F<small>RED</small> R. F<small>RIGO</small>, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|   *vs.* | ) | 1:12-cv-00674-JMS-DML |
| | ) | |
| B<small>RIGHTHOUSE</small> N<small>ETWORKS</small>, | ) | |
|    *Defendant.* | ) | |

## ORDER

Presently pending before the Court is Defendant Brighthouse Networks' ("<u>Brighthouse</u>")[1] Motion for Bill of Costs. [Dkt. 67.] Plaintiff Fred Frigo, proceeding *pro se*, objects to Brighthouse's motion, arguing that the Court should deny costs due to his indigence. [Dkt. 68.] For the reasons explained, the Court **DENIES** Brighthouse's motion.

### I.
### S<small>TANDARD OF</small> R<small>EVIEW</small>

The Court granted summary judgment in favor of Brighthouse on Mr. Frigo's claims brought pursuant to Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act. [Dkt. 65.] Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in 28 U.S.C. § 1920 against the losing party in an action—here, Mr. Frigo—and a "strong presumption" exists that the Court will do so. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). The losing party "bears the burden of an affirmative showing that the

---

[1] Defendant states that it is properly called Advance/Newhouse Partnership rather than Brighthouse Networks. [Dkt. 67 at 1.] Although there is evidence in the record to this effect, [dkt. 35-6 at 2], because suit was brought against Brighthouse Networks, and because whether Plaintiff sued the proper party is not at issue, the Court will refer to Defendant as Brighthouse.

taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

## II.
### DISCUSSION

Brighthouse seeks $990.89 in costs as the prevailing party for deposition and photocopying fees. [Dkt. 67 at 1, 3.] Mr. Frigo does not object to any of the specific costs requested in Brighthouse's motion, but, instead, contends that the Court should deny the motion due to his indigence. [Dkt. 68 at 1.] Specifically, Mr. Frigo points to the fact that his income is $467.62 per month and supplemented by bread sales totaling no more than $60 per week. [*Id.*] Brighthouse declined to file a reply brief disputing Mr. Frigo's claims of indigence.

The Seventh Circuit has acknowledged that the Court may undertake "a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) ("'[T]he inability to pay is a proper factor to be considered in granting or denying taxable costs' and the presumption that costs are to be awarded to the prevailing party 'may be overcome by a showing of indigency.'") (quoting *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). This exercise requires the Court to first "make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill*, 18 F.3d at 459). Second, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs," although "[n]o one factor is determinative." *Id.*

The Court finds that Mr. Frigo has made a threshold showing of indigency. Mr. Frigo has an income of just over $700 per month, and there is no indication that this is likely to change

in the future. An individual such as Mr. Frigo with such a small income is incapable of paying the nearly $1,000 in costs sought either now or in the future. The Court has also considered the other factors and concludes that, overall, they favor not imposing costs against Mr. Frigo. It is true that the issues presented in this case were not especially difficult. However, the costs requested are high for a person of Mr. Frigo's income, and Mr. Frigo pursued his claims in good faith. Accordingly, due to Mr. Frigo's indigency, the imposition of costs is inappropriate.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Brighthouse's Motion for Bill of Costs. [Dkt. 67.]

12/05/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

FRED R. FRIGO
2389 N. County Road 130 E.
Frankfort, IN 46041

**Distribution via ECF only:**

Melissa K. Fuller
JACKSON LEWIS LLP
melissa.fuller@jacksonlewis.com

Craig W. Wiley
JACKSON LEWIS LLP - Indianapolis
craig.wiley@jacksonlewis.com